IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MARLON DWAYNE BOYKIN, | ) |
| | ) |
| Plaintiff-Appellant | ) |
| | ) |
| v. | )  No. 25-2407 |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant-Appellee | ) |
| | ) |

## APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellee Internal Revenue Service moves this Court to dismiss for lack of jurisdiction taxpayer Marlon Dwayne Boykin's appeal. The order from which Boykin appeals—issued by a magistrate judge to whom the parties did not consent and whose order was not adopted by a district judge—is not appealable, and this case should be dismissed.

## BACKGROUND

Boykin brought this civil action in the U.S. District Court for the District of Columbia to quash an IRS administrative summons issued to

Truist Financial (*see* I.R.C. §§ 7602, 7609). (Doc. 1 at 1.[1]) The IRS is investigating Boykin's claims for certain refundable tax credits. (Doc. 15-2 at 1–2.) As a part of its investigation, the IRS sought via summons Boykin's financial records from Truist. (Doc. 15-2 at 1–3.)

The D.C. District Court transferred Boykin's case to the Eastern District of North Carolina, where, based on Boykin's allegations, the "'person to be summoned'" —Truist— "'resides or is found.'" (Doc. 6 at 1–3 (quoting I.R.C. § 7609(h)(1)).) Upon receiving Boykin's case, the E.D.N.C. District Court "[s]ubmitted" Boykin's motion to quash the IRS summons to Magistrate Judge Robert B. Jones, Jr. (Docket Sheet.) There is nothing in the record to show that either Boykin or the IRS consented to the Magistrate Judge conducting any portion of the proceedings or entering judgment in the case.

The Magistrate Judge ordered the parties to address certain jurisdictional issues he had identified. (Doc. 12 at 4.) In its response to the Magistrate Judge's order, the IRS asked the District Court to dismiss Boykin's action for lack of subject matter jurisdiction. (Doc. 15

---

[1] "Doc." refers to the filings below, as numbered and paginated by the District Court.

at 1.) The Magistrate Judge then entered another order, this one denying Boykin's motion to quash and concluding that the District Court lacked subject matter jurisdiction.[2] (Doc. 16 at 1.) Boykin appealed the Magistrate Judge's order denying his motion to quash. (Doc. 17.) No district judge in the E.D.N.C. District Court has yet taken any action on the Magistrate Judge's order that Boykin appealed.

## ARGUMENT

This Court possesses jurisdiction over final orders, 28 U.S.C. § 1291, some statutorily prescribed interlocutory orders, 28 U.S.C. § 1292, and certain collateral orders, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949). A magistrate judge's order issued without the parties' consent, like the one here, is none of these appealable orders. Boykin's appeal should therefore be dismissed.

In general, a magistrate judge may, upon being "designate[d]" by a district judge, "hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). A magistrate judge may not, however, hear and determine on her own any "dispositive" "matter[s],"

---

[2] The order is attached to this motion as Exhibit A.

Fed. R. Civ. P. 72(a)–(b), such as a "motion *** to involuntarily dismiss an action," 28 U.S.C. § 636(b)(1)(A); E.D.N.C. L.R. 72.3(c)(1); *cf. In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1988) ("Congress never intended to vest the power in a non-Article III judge to determine the fundamental question of whether a case could proceed in a federal court."). This Court has previously concluded that the dismissal of a proceeding to quash an EPA "administrative search warrant" was a dispositive matter falling outside a magistrate judge's "pretrial" authority. *Aluminum Co. of Am., Badin Works, Badin, N.C. v. EPA*, 663 F.2d 499, 500–02 (4th Cir. 1981). The dismissal of Boykin's motion to quash an IRS administrative summons is likewise a dispositive matter falling outside the Magistrate Judge's "pretrial" authority.

For these dispositive matters, a magistrate judge may only submit her "recommendations for the disposition" —subject to any written objections by the parties—to a district judge, who then "make[s] a de novo determination" of any objected-to portions of the magistrate

judge's recommendations.[3] 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b).  Of course, the parties may "consent" to a magistrate judge "conduct[ing] any or all proceedings in a *** civil matter and order[ing] the entry of judgment in the case." 28 U.S.C. § 636(c)(1), (3); Fed. R. Civ. P. 73.  But, in absence of party consent, a magistrate judge may only make recommendations for dispositive matters.

The Magistrate Judge's order denying Boykin's motion to quash purported to dispose of his civil action.  But the parties have never consented to the Magistrate Judge disposing of this action, nor has a district judge made any determination about the Magistrate Judge's order.  "A purported final decision issued by a magistrate judge acting outside of his authority is a nullity." *Jones v. Assoc. of Flight Attendants-CWA*, 778 F.3d 571, 574 (7th Cir. 2015) (citations omitted).  There is thus "no final judgment" here— "it is still pending before the district court with a *de facto* recommendation from the magistrate

---

[3] Even if the disposal of this administrative-summons proceeding falls under the "'additional duties' prong of the Federal Magistrates Act, 28 U.S.C. § 636(b)(3)," it is still subject to district court de novo review. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 289 (4th Cir. 2013) (citations omitted).

judge." *Id.* And this Court lacks jurisdiction over Boykin's appeal of the Magistrate Judge's *de facto* recommendation. *E.g., Glenn v. Foothills Prop. Mgmt., LLC*, No. 25-1091, 2025 WL 2105003, at *1 (4th Cir. July 28, 2025).

WHEREFORE, the IRS requests that this Court dismiss Boykin's appeal.

Respectfully submitted,

*/s/ Samuel P. Jones*
SAMUEL P. JONES
Attorney
Civil Division
Tax Litigation Branch
U.S. Department of Justice
Washington, D.C. 20044
(202) 616-9085

December 10, 2025

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __25-2407__    Caption: __Marlon Dwayne Boykin v. Internal Revenue Service__

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

> **Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

> **Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

> **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6). Sans-serif type, such as Arial, may not be used except in captions and headings.

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains __938__ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using __Word for Microsoft 365__ [*identify word processing program*] in __Century Schoolbook 14__ [*identify font, size, and type style*];

**or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font, size, and type style*].

**NOTE: The Court's preferred typefaces are Times New Roman, Century Schoolbook, and Georgia. The Court discourages the use of Garamond.**

(s) __/s/ Samuel P. Jones__

Party Name __Internal Revenue Service__    Date: __12/10/2025__

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-MC-3-RJ

| | |
|---|---|
| MARLON DWAYNE BOYKIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Marlon Dwayne Boykin's ("Petitioner") motion to quash an administrative summons issued by the Internal Revenue Service ("IRS") to Truist Financial ("Truist") for Petitioner's financial records, [DE-1], and emergency motion for return and destruction of the financial records Truist produced to the IRS, [DE-5]. For the reasons that follow, the motion to quash is denied for lack of subject matter jurisdiction and the motion for return and destruction is denied as moot.

Petitioner asserts that the IRS served a summons dated July 16, 2025 on Truist seeking production of his private financial records for a five-year period dating back to January 1, 2020. [DE-1] at 1. On August 4, 2025, Petitioner filed the instant petition to quash the summons on the grounds that it is defective, overbroad, unduly burdensome, violates his constitutional and statutory rights, and constitutes an impermissible fishing expedition. *Id.* After Petitioner learned that Truist produced documents in response to the summons on August 8, 2025, he moved to claw back the production. [DE-5]. Petitioner initially filed this proceeding in the District of Columbia where he resides, but the court there determined that the matter must be brought where Truist, i.e., the person to be summoned, resides or is found. *Boykin v. Internal Revenue Serv.*, No. MC 25-127 (TJK),

2025 WL 2239249, at *1 (D.D.C. Aug. 6, 2025) (citation omitted). The court in the District of Columbia found that Petitioner failed to demonstrate it had jurisdiction and transferred the case to this district because "the only information Petitioner has provided regarding Truist is that he served Truist at an office location in Lumberton, North Carolina—in the Eastern District of North Carolina." *Id.*; *see* [DE-6] (transferring case to the Eastern District of North Carolina "where it appears Truist does reside or can be found").

After this court received the matter and reviewed the petition, it determined that because Petitioner has not provided a copy of the notice and summons issued by the IRS, the court could not determine whether the matter was initiated "not later than the 20th day after the day [] notice is given," *id.* §7609(b)(2)(A), or whether Petitioner provided a copy of the petition to the persons entitled to notice, *id.* § 7609(b)(2)(B). [DE-12] at 3. The court also determined that Petitioner had not provided sufficient information to establish that Truist "resides or is found" in this district for the purpose of establishing jurisdiction under 26 U.S.C. § 7609(h). *Id.* at 2–3. The court ordered Petitioner to address the noted deficiencies and provided the IRS an opportunity to respond. *Id.* at 4.

Petitioner filed two responses to the court's order. In the first response, Petitioner stated that (1) the IRS notice was dated July 16, 2025 but was not received by Petitioner until the last week of July, (2) Petitioner served a copy of the motion on the IRS on August 4, 2025, and (3) the IRS directed the summons to Truist in Lumberton, North Carolina, which is in the Eastern District, so the Government has conceded jurisdiction. [DE-13] at 1–2. Petitioner also filed a declaration in support, a certified mail return receipt card addressed to Truist, and certified mail receipts addresses to the IRS agent, Truist, and the U.S. Attorney's Office. [DE-13] at 3–4. The second response appears identical in substance but has different attachments, to wit: the list of documents

the IRS sought from Truist and a copy of the IRS notice Form 2039, [DE-14-1]; and certified mail return receipt cards addressed to the IRS agent and Truist, [DE-14-2]. The Government responded that while it concedes the petition was timely filed, Petitioner has failed to carry his burden to demonstrate that the petition was timely served or that jurisdiction is proper in this court. [DE-15].

Under 26 U.S.C. § 7609, a person whose records are the subject of an administrative summons issued to a third party has the right to notice and the right to seek to quash the summons. 26 U.S.C. § 7609(a)(1), (b)(2). However, the proceeding to quash must be initiated "not later than the 20th day after the day [] notice is given," *id.* §7609(b)(2)(A), the movant must provide a copy of the petition "to the person summoned and to such office as the Secretary may direct in the notice," *id.* § 7609(b)(2)(B), and the petition must be brought in "[t]he United States district court for the district within which the person to be summoned resides or is found," *id.* § 7609(h)(1). Each of these requirements is jurisdictional and must be "strictly enforced." *Justin v. United States*, No. 5:05-CV-279, 2006 WL 497219, at *2 (W.D.N.C. Jan. 5, 2006) ("Section 7609 waives the sovereign immunity of the United States; therefore, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court.") (citing *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999)); *see also United States v. Mettetal*, 714 F. App'x 230, 233 (4th Cir. 2017) ("It is elementary that federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree.") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Petitioner bears the burden of establishing the court's jurisdiction. *See Boykin*, 2025 WL 2239249, at *1 (citation omitted).

The IRS summons to Truist and the notice to Petitioner were dated July 16, 2025, and were mailed on the same date. [DE-14] at 3; [DE-14-1] at 6; [DE-15-1] at 1; [DE-15-1] at 3. The operative date for purposes of § 7609 is the date the notice is mailed rather than when the notice is received by Petitioner. *See Fisher v. United States*, No. CIV.A. 3:13-MC-08, 2013 WL 6074076, at *3 (E.D. Va. Nov. 18, 2013) ("Notice of a third-party summons served by the IRS is given on the date it is mailed.") (citing *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer v. United States*, 776 F .2d 274, 275 (11th Cir. 1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *Sarnowski v. United States*, 3:05–MC–0009, 2005 WL 2715656, at *1 (E.D. Va. Sept. 8, 2005)); *MacAlpine v. United States*, No. 1:12-MC-15, 2012 WL 1313202, at *1 (W.D.N.C. Apr. 17, 2012) ("The law provides that when the IRS issues a summons to a third-party record keeper, the taxpayer to whom the summons relates may begin a proceeding to quash the summons within twenty days of the mailing of the notice from the Secretary.") (footnote omitted) (citing 26 U.S.C. § 7609(b)(2)(A)). "In other words, the date that the Government mails the notice of the summons begins the running of the 20–day period." *Mayberry v. United States*, No. 5:11-CV-165, 2011 WL 3104696, at *1 (E.D.N.C. July 23, 2011). Therefore, Petitioner had 20 days from July 16, until August 4, 2025, to both file his petition to quash and to mail that petition to those entitled to notice. 26 U.S.C. § 7609(b)(2).

IRS Form 2039 directs that the petition "must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4," and that "[a]t the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS." [DE-14-1] at 6. The certified mail receipts filed by Petitioner, which are addressed to the IRS agent, Truist, and the U.S. Attorney's Office, are dated August 5, 2025, [DE-13] at 4, one day after the statutory 20-day period ended on

August 4, 26 U.S.C. § 7609(b)(2). "Because § 7609 waives the sovereign immunity of the United States, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court." *Vaughan v. United States*, No. 5:01-CV-990-F(3), 2002 WL 1058118, at *1 (E.D.N.C. Apr. 11, 2002) (citations omitted). Petitioner failed to timely mail notice of his petition to the IRS agent, Truist, and the United States, within the 20-day period required by the statute, so the court lacks subject matter jurisdiction over the petition.[1] *See Justin*, 2006 WL 497219, at *2 (denying motion to quash an IRS third-party subpoena for lack of jurisdiction because the United States Attorney was served "well outside the 20 day period provided by Section 7609(b)(2)(B), and there is no indication of record that such process was 'mailed' on or before the close of the 20-day period"). Accordingly, the petition to quash is denied for lack of subject matter jurisdiction and the motion for return and destruction of documents is denied as moot.

So ordered, the 28th day of October, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] The court need not reach the issue of whether Truist "resides or is found" in this district because the lack of timely notice of the petition alone divests the court of jurisdiction.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of December, 2025, this motion was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I further certify that, on the same date, this motion was sent by U.S. mail to the following person at the address below:

    Marlon Dwayne Boykin
    1343 First Street NW
    Washington, D.C. 20001

                      */s/ Samuel P. Jones*
                        SAMUEL P. JONES
                           Attorney