TB/RM

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 25-2407

RECEIVED
DEC 2 9 2025
U.S. Court of Appeals
Fourth Circuit

MARLON DWAYNE BOYKIN,

*Petitioner-Appellant,*

v.

INTERNAL REVENUE SERVICE,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville

(No. 7:25-mc-00003-RJ)

## APPELLANT'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Petitioner-Appellant Marlon Dwayne Boykin, proceeding pro se, respectfully submits this response in opposition to the Appellee's Motion to Dismiss for Lack of Jurisdiction.

# INTRODUCTION

The government argues that this Court lacks jurisdiction because the magistrate judge's order dismissing the case was not a final, appealable order. While the government is correct that the magistrate judge likely exceeded his authority by entering a dispositive order without the parties' consent, the proper remedy is not to dismiss the appeal, but to vacate the magistrate judge's order and remand the case to the district court for proper review. This Court has jurisdiction to correct a magistrate judge's order that exceeds his statutory authority.

# ARGUMENT

## I. The Magistrate Judge's Order Was a Dispositive Ruling That Exceeded His Authority Without Party Consent.

The government correctly identifies the statutory framework governing magistrate judge authority. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may not, without party consent, "hear and determine" a motion "to involuntarily dismiss an action." A motion to dismiss for lack of subject-matter jurisdiction is a dispositive motion that falls squarely within this exception. *See Aluminum Co. of Am., Badin Works, Badin, N.C. v. E.P.A.*, 663 F.2d 499, 500-02 (4th Cir. 1981) (holding that dismissal of a proceeding to quash an administrative warrant is a dispositive matter).

When a dispositive matter is referred to a magistrate judge without party consent, the magistrate judge may only "submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). The district judge must then conduct a de novo review of any objected-to portions of the recommendation. *Id.*

In this case, the record shows that neither Mr. Boykin nor the IRS consented to the magistrate judge entering a final judgment. The case was "submitted" to the magistrate judge, who then entered a final "Order" dismissing the case, not a "Report and Recommendation." This was an act that exceeded the authority granted to him by statute.

## II. This Court Has Jurisdiction to Vacate an Order Entered in Excess of a Magistrate Judge's Authority.

The government argues that because the magistrate judge's order is not a valid final judgment, this Court lacks jurisdiction. This argument misconstrues the nature of appellate review. While the order may not be a "final judgment" on the merits, this Court has jurisdiction to review and correct a lower court's order that was entered without proper authority.

This Court's decision in *Muhammad v. Fleming*, 29 F.4th 161 (4th Cir. 2022), is instructive. In *Muhammad*, a magistrate judge entered a final judgment after a party had sought to withdraw consent. The Fourth Circuit held that the magistrate judge lacked authority to enter the judgment. The proper remedy was not to dismiss the appeal, but to **vacate the magistrate judge's order** and remand the case for further proceedings before the district court. *Id.* at *1.

Similarly, here, the magistrate judge acted outside his authority by entering a dispositive order without consent. The order is a legal nullity. *Jones v. Assoc. of Flight Attendants-CWA*, 778 F.3d 571, 574 (7th Cir. 2015). This Court has the power to recognize that nullity, vacate the improper order, and remand the case so that the district court can conduct the required de novo review of what is, in effect, a de facto recommendation from the magistrate judge.

### III. The Parties' Participation Does Not Constitute Implied Consent.

While both parties participated in the proceedings before the magistrate judge without objection, the law is clear that consent to a magistrate judge's dispositive authority under 28 U.S.C. § 636(c) must be explicit and cannot be implied from the parties' conduct. The government itself notes that "[t]here is nothing in the record to show that either Boykin or the IRS consented to the Magistrate Judge conducting any portion of the proceedings or entering judgment in the case." (Appellee's Mot. to Dismiss at 2).

### IV. Dismissal Would Result in Unnecessary Delay and Inefficiency.

Dismissing this appeal would only serve to delay the ultimate resolution of this case. The case would be remanded, the district judge would almost certainly adopt the magistrate judge's recommendation, and Mr. Boykin would then file a new notice of appeal, bringing the exact same legal issue back before this Court. This is an inefficient use of judicial and party resources.

The more efficient and just course of action is for this Court to exercise its supervisory authority, vacate the improper order, and remand with instructions for the district court to conduct its de novo review. This will ensure the case proceeds correctly without the need for a duplicative appeal.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court deny the Appellee's Motion to Dismiss. In the alternative, Appellant requests that the Court vacate the magistrate judge's order of October 28, 2025, and remand the case to the district court for a de novo review of the magistrate judge's recommendation.

Respectfully submitted,

*/s/ Marlon Boykin*

_____

Marlon Dwayne Boykin
1343 1st St. NW
Washington, DC 20001
Phone: 202-568-0024
Email: mboykin14@msn.com

*Petitioner-Appellant, Pro Se*

Date: 12/23/25

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of December, 2025, I served a true and correct copy of the foregoing Response in Opposition to Appellee's Motion to Dismiss upon the party listed below, via U.S. Mail, first-class, postage prepaid:

Samuel P. Jones
Attorney, Appellate Section
U.S. Department of Justice, Tax Division
P.O. Box 502
Washington, D.C. 20044

*[signature: Marlon Boykin]*

Marlon Dwayne Boykin
*Petitioner-Appellant, Pro Se*

Date: 12/23/25



1343 1st St NW
Washington, DC 20001

U.S. Court of Appeals, Fourth Circuit
1100 East Main St, 5th Flr
Richmond, VA 23219

FCM LETTER
CROFTON, MD 21114
DEC 23, 2025

$10.48

RECEIVED
U.S. MARSHALS

23 DEC 2025 PM 5 L
BALTIMORE MD 212

USCA4 Appeal: 25-2407    Doc: 13    Filed: 12/...

Retail U.S. POSTAGE PAID

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Court of Appeals, Fourth Circuit
1100 East Main St. 5th Flr
Richmond, VA 23219

9590 9402 8419 3156 8881 48

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt